LUCERO, J.
concurring.
I join the majority opinion of my respected colleagues, but write separately to express my disagreement with the consequences of our decision. As a result of our ruling, an airman has been denied the ability to sue his landlord for an alleged failure to provide habitable housing merely because his landlord is the federal government.
As I see it, the Air Force, like all other landlords, must provide habitable housing to its tenants in facilities such as those involved here in exercise of its basic common-law duties of care. Through the Federal Tort Claims Act (“FTCA”), the government has waived its sovereign immunity against tort suits arising out of the violation of such common-law duties. See 28 U.S.C. §§ 1346(b)(1) & 2674. Although the discretionary function exception limits the scope of this waiver, see § 2680(a), I would not, if interpreting the statute as a matter of first impression, read the exception so broadly as to obliterate the waiver’s purpose. That is, the FTCA allows all tort claims against the government to proceed unless the government official involved was acting in a classically governmental role — exercising limited discretion to choose among various options on the basis of an expressed public policy.
In my view, our FTCA caselaw has distorted the analysis under Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), such that any action by the government will be treated as discretionary unless it is mandated by a “federal statute, regulation, or policy.” See, e.g., Domme v. United States, 61 F.3d 787, 789 (10th Cir.1995). But as I read Berkovitz, those duties dictated by statutes, regulations, and policies are a nonexclusive list of mandatory conduct. See 486 U.S. at 536, 108 S.Ct. 1954. The government may still be obliged to carry out certain duties, and a written statement is merely the clearest form of proof. I see no reason to assume that in waiving the federal government’s sovereign immunity to tort claims, which are creatures of state law, Congress did not expect state-law duties to have mandatory effect. Cf. Sydnes v. United States, 523 F.3d 1179, 1184 (10th Cir.2008). To interpret Berkovitz otherwise allows the government to avoid common-law duties of care, so long as it does not codify those duties in a federal publication employing mandatory language.
Had the Garcias not abandoned any argument that the Air Force’s actions failed under the second prong of Berkovitz, the outcome of this case might well have been different. This prong asks whether the relevant government official’s decision reflects an exercise of judgment based on public policy “of the kind that the discretionary function exception was designed to shield.” Berkovitz, 486 U.S. at 536, 108 *1183 S.Ct. 1954. The Garcias’ case might have fallen under our precedent that limits the kinds of decisions that will be treated as matters of public policy subject to the discretionary function exception. See, e.g., Boyd v. United States, 881 F.2d 895, 898 (10th Cir.1989).
Nevertheless, constrained by our current precedent and those arguments advanced by the parties, I am compelled to concur in the judgment, and do so.